## Rowe v. Rowe.

*Divorce—Application for marriage license—Misrepresentation as to physical competency—Syphilis—Confirmation of marriage—Act of July 24, 1913.*

Libellant, five and a half years after marriage, sought a divorce on the ground that the respondent in his application for marriage license represented that he was physically competent to marry the libellant; whereas, in fact, he was afflicted with syphilis, and, therefore, incompetent under the Act of July 24, 1913, P. .L. 1013. Married in June, 1917, the physical condition of respondent was discovered about five months afterwards, and from that time until June, 1918, there was no cohabitation between them, although they remained together, living in the same house and using the same bed, respondent supporting the libellant until he was removed to the State Hospital for the Insane. There was no evidence that the respondent's representation as to physical competency operated upon the libellant as the inducement to the marriage, and the marriage, even if fraudulent, was confirmed by the libellant by the birth of a child. The master recommended that the decree be refused and the libel dismissed. On exceptions, the court approved the findings and conclusions declared by the master and ordered the libel dismissed.

Report of master in divorce. C. P. Berks Co., April T., 1924, No. 12.

*David Sharman, Jr.,* for libellant; *Charles K. Derr,* for respondent.

ENDLICH, P. J.—Libellant and respondent married on June 16, 1917, lived together until June, 1918. . One of the representations made by the respondent in the application for a marriage license was that he was physically competent to marry the libellant; whereas, in fact, he was afflicted with syphilis, and, therefore, incompetent under the Act of July 24, 1913, P. L. 1013. This fact was discovered about five months after the marriage, and from that time on there has been no cohabitation between them, although they remained together, living in the same house and using the same bed and acted in every way as husband and wife, with the single exception just mentioned, and the libellant was supported by the respondent until his removal to the Harrisburg State Hospital for the Insane in June, 1918.

The master has found against the granting of the divorce, and a careful examination of the evidence returned, of the findings of facts based upon it, and of her conclusions, seems to lead to the result reached by her as the only acceptable one under the pertinent authorities referred to in her discussion of the case. Whilst the respondent's representation that he was free from transmissible disease was in fact untrue, it has not been shown that that representation operated upon the libellant as the inducement to the marriage, nor is there any escape from the conclusion, under the evidence and the decisions, that the libellant confirmed the marriage if fraudulent. A child was born about six years ago, and according to the statement of the physician who delivered it, had a syphilitic condition. During about five and a half years, if her statement is to be believed, with knowledge of the matters which she now alleges as fraud in the procurement of the marriage and of her consent to marry, the libellant took no steps to annul the marriage and offers no reasonable explanation of that fact. No cruelty or indignity is alleged or proven, other than having the syphilitic taint, nor did the libellant at any time withdraw from the house and family of the respondent. All these matters have received elaborate consideration at the hands of the learned master and a rediscussion of them would practically amount to a restatement of her report and serve no useful purpose. It only remains to say that we feel constrained to approve of the findings and conclusions declared by the master, refuse the decree prayed for by the libellant, and dismiss the libel, as well as the exceptions filed to the report.

It is so ordered. From Wellington M. Bertolet, Reading, Pa.